**Michael LERMA, Plaintiff–Appellant,**

v.

**J. BELL; H. Rippetoe, P.A.; D. Woodruff; Rogers, Correctional Officer; M. Jones; R. Carpenter; M.E. Roussopoulos, Lieutenant; G. Rodman, Defendants–Appellees.**

**No. 00–15403.**

United States Court of Appeals,
Ninth Circuit.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Michael Lerma, a California state inmate, appeals pro se the district court's grant of summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see* *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We conclude that the district court properly granted summary judgment to defendants on Lerma's claim that denial of the use of an elastic knee brace constituted deliberate indifference to a serious medical need because the prison officials presented evidence that the confiscation of the brace was based on legitimate safety concerns. *See Whitley v. Albers,* 475 U.S. 312, 321–22, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (holding that prison officials should be accorded wide ranging deference in the adoption and execution of policies necessary to preserve internal order and maintain institutional security).

The district court properly granted summary judgment on Lerma's claim that several cell reassignments constituted deliberate indifference to his medical needs because Lerma failed to present evidence that any of the individual defendants were involved in the reassignments. *See Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir.1988) (stating that a prisoner must set forth specific facts as to each individual defendant's deliberate indifference).

The district court did not abuse its discretion by denying Lerma's motion for appointment of counsel because he did not demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

The district court did not abuse its discretion by denying Lerma's motion for an independent medical examination because Lerma sought the exam to obtain a different opinion as to the consequences of being denied a knee brace. Because a difference of opinion does not establish deliberate indifference to serious medical needs, *see Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989), Lerma failed to show

the requisite good cause for the district court to grant his motion, *see Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

The district court did not abuse its discretion by denying Lerma's motion to conduct additional discovery. *See Conkle v. Jeong,* 73 F.3d 909, 915 (9th Cir.1995).

Appellees' motion to strike the declarations of Manuel Zarate, dated March 15, 2000, and Michael Lerma, dated April 9, 2000, filed in support of Lerma's brief on appeal is granted. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) (stating that documents not presented to the district court are not part of the record on appeal).

AFFIRMED.